# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WIRELESS FACILITIES, INC., DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Case No. 04-CV-1663 JAH (NLS)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 21, 2010, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement of Derivative Claims dated as of January 5, 2010, and the Exhibits thereto (the "Stipulation"). Due and adequate notice having been given to stockholders of Kratos Defense & Security Solutions, Inc. (formerly known as Wireless Facilities, Inc.) ("Kratos"), as required in said Order, and the Court having considered all objections raised, if any, and having considered all arguments made and papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. For purposes of this Final Judgment and Order of Dismissal (the "Judgment"), the Court incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties, including nominal defendant Kratos.[1]

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation in all respects, and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to, and in the best interests of, Kratos, Kratos Stockholders, and Plaintiffs.

4. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. The Federal Action and all claims contained therein against the Settling Defendants are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. The publication of the Summary Notice of Pendency and Settlement of Derivative Actions (the "Summary Notice") and posting and filing of the Notice of Pendency and Settlement of Derivative Actions (the "Notice") on the websites of Kratos and Robbins Umeda LLP, and via a Form 8-K with the SEC, respectively, as provided for in the Order Granting Settling Parties' Joint Motion for Preliminary Approval of Settlement and Providing Notice constituted the best notice practicable under the circumstances to Current Kratos Stockholders and met the requirements of California and/or Delaware law, due process under the United States Constitution, and any other applicable law and constituted due and sufficient notice to all Persons entitled thereto.

---

[1] In March 2007 and February 2008, the Court determined that it lacked personal jurisdiction over Specially Appearing Defendants Gregory Jacobsen, Farzad Ghassemi, William Hoglund, Scott I. Anderson, and Scot Jarvis. In accordance with the Parties' Stipulation, Specially Appearing Defendants agreed to waive personal jurisdiction for the limited purpose to effectuate the Settlement and Judgment.

7. Upon the Effective Date, Plaintiffs, on behalf of themselves and, to the fullest extent permitted by law, on behalf of Kratos Stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims), and any and all claims relating to or arising out of or connected with the Settlement or resolution of the Derivative Actions, against Individual Defendant Releasees and Kratos Releasees, except for obligations imposed by the Stipulation in connection with the Settlement.

8. Upon the Effective Date, Kratos and Individual Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff Releasees from all claims (including Unknown Claims), arising out of, based upon or related to the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions and/or the Released Claims, except for obligations imposed by the Stipulation in connection with the Settlement.

9. Upon the Effective Date, each of the Individual Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Kratos Releasees from all claims (including all Unknown Claims) arising out of, based upon or related to the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions, except that the Individual Defendants, by virtue of this Judgment, have not released, relinquished, or discharged Kratos Releasees from any rights, claims, or causes of action for indemnification, including, but not limited to, insurance indemnification, and/or advancement of attorneys' fees and expenses (or other defense costs), for any matter whatsoever, required or permitted to the fullest extent under Kratos' Certificate of Incorporation or Bylaws, California or Delaware law, or any indemnification or similar agreement between Kratos and any such Individual Defendants.

10. Upon the Effective Date, Kratos shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims), and any and all claims relating to or arising out of or connected with the Settlement or resolution of the Derivative Actions, against Individual

1  Defendant Releasees, and Current Kratos Stockholders to the fullest extent permitted by law on

2  behalf of themselves and each of their Related Parties are hereby forever barred and enjoined

3  from commencing, instituting, or prosecuting derivatively any of the Released Claims, or any

4  action or other proceeding brought derivatively on behalf of Kratos against any of the Released

5  Claims (including Unknown Claims) against any of the Released Persons.

6      11. Upon the Effective Date, each of Individual Defendants shall be deemed to have,

7  and by operation of this Judgment shall have, fully, finally, and forever released, relinquished,

8  and discharged all Released Claims (including Unknown Claims), and any and all claims relating

9  to or arising out of or connected with the Settlement or resolution of the Derivative Actions

10  against the other Individual Defendant Releasees, except that Individual Defendants by virtue of

11  this Stipulation have not released, relinquished, or discharged Kratos Releasees from any rights,

12  claims, or causes of action for indemnification, including, but not limited to, insurance

13  indemnification, and/or advancement of attorneys' fees and expenses (or other defense costs), for

14  any matter whatsoever required or permitted to the fullest extent under Kratos' Certificate of

15  Incorporation or Bylaws, California or Delaware law, or any indemnification or similar

16  agreement between Kratos Releasees and any such Individual Defendants.

17      12. Neither the Stipulation nor the Settlement contained therein, nor any act performed

18  or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or

19  may be deemed to be or may be used as an admission of, or evidence of, the validity of any

20  claims released therein or by virtue of the releases attached thereto, including any of the Released

21  Claims, or (b) may be deemed to be or may be used as an admission or evidence of any fault,

22  wrongdoing, omission, or liability of any of the Settling Defendants, in any civil, criminal, or

23  administrative proceeding in any court, administrative agency or other tribunal.  Settling

24  Defendants may file the Stipulation, the Judgment, and/or any document executed pursuant to or

25  in furtherance of the Stipulation, in any action that may be brought against them in order to

26  support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full

27  faith and credit, release, judgment bar reduction, or any theory of claim preclusion or issue

28  preclusion or similar defense or counterclaim.

13. The Court hereby approves the Fees and Expenses Payment in accordance with the Stipulation and finds that the Fees and Expenses Payment is fair and reasonable.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) the Settling Parties thereto for the purpose of construing, enforcing, and administering the Stipulation; and (c) any other matter related or ancillary thereto.

15. The Court finds that the Derivative Actions were filed, prosecuted, and defended in good faith, and that during the course of the Derivative Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules and statutes.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be restored to their respective positions in the Derivative Actions as of January 5, 2010.

17. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: March 29, 2010    By: _____
HONORABLE JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

Submitted by:

SEAN T. PROSSER (CA SBN 163903)
TYSON E. MARSHALL (CA SBN 222488)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Telephone: (858) 720-5100
Facsimile: (858) 720-5125
sprosser@mofo.com

| | |
|---|---|
| 1 | JORDAN ETH (CA SBN 121617) |
| | DOROTHY L. FERNANDEZ (CA SBN 184266) |
| 2 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 3 | San Francisco, CA 94105-2482 |
| | Telephone: (415) 268-7000 |
| 4 | Facsimile: (415) 268-7522 |
| | jeth@mofo.com |
| 5 | |
| | Attorneys for Nominal Defendant WIRELESS |
| 6 | FACILITIES, INC.; Individual Defendants |
| | THOMAS A. MUNRO, DANIEL STOKELY, |
| 7 | ERIC DEMARCO, DAVID A. GARRISON, |
| | FRANKIE FARJOOD, DAVID LEE, WILLIAM |
| 8 | A. OWENS, BANDEL CARANO, JAMES R. |
| | EDWARDS, SCOTT FOX, DEANNA H. |
| 9 | LUND, ANDREW M. LEITCH, LAURA |
| | SIEGAL, NAOMI D. WHITACRE, GEORGE |
| 10 | WOZENCRAFT, and WILLIAM MAZILLY; |
| | and Specially Appearing Defendants FARZAD |
| 11 | GHASSEMI, GREGORY JACOBSEN, SCOTT |
| | I. ANDERSON, SCOT JARVIS, and WILLIAM |
| 12 | HOGLUND |
| 13 | ROBBINS UMEDA LLP |
| | BRIAN J. ROBBINS |
| 14 | KEVIN A. SEELY |
| | REBECCA A. PETERSON |
| 15 | DAVID L. MARTIN |
| | 600 B Street, Suite 1900 |
| 16 | San Diego, CA 92101 |
| | Telephone: (619) 525-3990 |
| 17 | Facsimile: (619) 525-3991 |
| | Email: brobbins@robbinsumeda.com |
| 18 | |
| | FARUQI & FARUQI, LLP |
| 19 | NADEEM FARUQI |
| | DAVID H. LEVENTHAL |
| 20 | David H. Leventhal |
| | 369 Lexington Avenue, 10th Floor |
| 21 | New York, NY 10017 |
| | Telephone: (212) 983-9330 |
| 22 | Facsimile: (212) 983-9331 |
| | Email: dleventhal@faruqilaw.com |
| 23 | |
| | Co-Lead Counsel for Plaintiffs |
| 24 | |
| 25 | |
| 26 | |
| 27 | 472721 |
| 28 | |