1    Jeff S. Westerman (State Bar No. 94559)
     Kristen McCullough (State Bar No. 177558)
2    MILBERG WEISS BERSHAD &
     SCHULMAN LLP
3    355 South Grand Avenue, Suite 4170
     Los Angeles, California 90071
4    Telephone:    (213) 617-1200
     Facsimile:    (213) 617-1975

5

6    Jeffrey P. Fink (State Bar No. 199291)
     S. Benjamin Rozwood (State Bar No. 181474)
     Steven R. Wedeking (State Bar No. 235759)
7    ROBBINS UMEDA & FINK, LLP
     610 West Ash Street, Suite 1800
8    San Diego, California 92101
     Telephone:    (619) 525-3990
9    Facsimile:    (619) 525-3991

**AUG 3 1 2005**

10    Co-Lead Counsel for Plaintiffs

11    [Additional Counsel Appear on Signature Page]

12

13         SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             COUNTY OF LOS ANGELES

| | |
|---|---|
| 15   MICHAEL LIEB, PAUL K. CALLAN, | **CASE NO. BC331316** |
| 16   JENNIFER LEVIN, and ERIC NEMETSKI, on behalf of themselves and all others | **Consolidated with Case No. BC331925** |
| 17   similarly situated | **Assigned to Honorable Emilie H. Elias** |
|          Plaintiffs, | |
| 18 | **STIPULATION OF SETTLEMENT** |
|         v. | |
| 19 | |
| 20   UNOCAL CORP., CRAIG ARNOLD, JOHN W. CREIGHTON, JR., JAMES W. | |
|    CROWNOVER, FERRELL P. MCCLEAN, | |
| 21   RICHARD D. MCCORMICK, DONALD B. RICE, KEVIN W. SHARER, MARK A. | |
| 22   SUWYN, MARINA V.N. WHITMAN, CHARLES R. WILLIAMSON, AND DOES | |
| 23   1-25, INCLUSIVE, | |
| 24          Defendants, | |
| 25   and | |
| 26   CHEVRON CORPORATION, | |
| 27         Defendant in Intervention. | |
| 28 | |

1    This Stipulation of Settlement dated as of August __, 2005 (the "Stipulation") is made and

2  entered into by and among the following Settling Parties (as defined further below) to this

3  Consolidated Action:  (i) the representative plaintiffs in this consolidated action (on behalf of

4  themselves and each of the Class Members (defined below)) ("Plaintiffs"), by and through

5  Co-Lead Counsel (as defined below); and (ii) the Defendants and the Defendant in Intervention

6  (defined below), by and through their counsel of record.  The Stipulation is intended by the

7  Settling Parties fully, finally, and forever to resolve, discharge, and settle the Released Claims

8  and Released Defendants' Claims (as defined below), upon and subject to the terms and

9  conditions hereof.

10  **I.      THE LITIGATION AND THE PROPOSED MERGER**

11       **Background:**

12    The captioned consolidated action is now pending before this Court (the "Action").

13  Plaintiffs in the Action are Michael Lieb, Paul K. Callan, Jennifer Levin, and Eric Nemetski

14  ("Plaintiffs").  The defendants are Unocal Corporation ("Unocal"), Charles R. Williamson, John

15  W. Creighton, Jr., James W. Crownover, Ferrell P. McClean, Richard D. McCormick, Donald B.

16  Rice, Kevin W. Sharer, Mark A. Suwyn, and Marina V.N. Whitman (the "Individual Defendants"

17  and, collectively with Unocal, the "Unocal Defendants"), Does 1-25, and Chevron Corporation

18  ("Chevron") as defendant in intervention (collectively and inclusively, the "Defendants").

19    The Action was filed as a putative class action on behalf of all Unocal shareholders, other

20  than the Unocal Defendants and the immediate families of the Individual Defendants.  On

21  July 14, 2005, Chevron filed a motion to intervene and complaint in intervention, and was granted

22  leave to intervene by joint stipulation on July 20, 2005.

23    Unocal and Chevron entered into an Agreement and Plan of Merger dated April 4, 2005

24  (the "Merger Agreement") and an Amendment No. 1 to the Merger Agreement dated July 19,

25  2005 (the "Amendment" and, together with the Merger Agreement, the "Amended Merger

26  Agreement"), pursuant to which Unocal did, following stockholder approval and effective August

27  10, 2005, merge with and into a wholly-owned subsidiary of Chevron (the "Merger"), and each

28  share of Unocal common stock has thereupon been converted, at the election of each Unocal

MPI-27706v5

2

1   stockholder, into the right to receive:  (i) a combination of 0.618 of a share of Chevron common

2   stock and $27.60 in cash; (ii) 1.03 shares of Chevron common stock; or (iii) $69 in cash, with the

3   elections in (ii) and (iii) subject to proration to preserve an overall per-share mix of 0.618 of a

4   share of Chevron common stock and $27.60 in cash for all outstanding shares of Unocal common

5   stock at the Effective Date, as defined in the Amended Merger Agreement, taken together.

6        Plaintiffs alleged in the Action that the defendants breached their fiduciary duties owed to

7   Unocal shareholders by, among other things, failing to maximize shareholder value, and

8   discouraging and/or inhibiting alternative offers to purchase control of Unocal.  Specifically,

9   Plaintiffs challenged (i) the process in which the Chevron offer was recommended; (ii) the price

10   offered in the Merger for Unocal on the grounds that the intrinsic value of Unocal is materially in

11   excess of the amount offered in the Merger, and (iii) the terms of the Merger Agreement which

12   required Unocal to pay Chevron a $500 million termination fee in the event the Merger is

13   terminated in favor of a superior bid for the Company.  Notably, prior to and after the

14   announcement of the Merger, other parties had indicated interest in making competing bids for

15   the Company.  Thus, Plaintiffs claim that the termination fee in the Merger Agreement threatened

16   to impede the ability of Unocal shareholders to receive maximum value for their equity interests

17   in the Company.

18        Plaintiffs retained a financial expert to assist them in evaluating the terms of the Merger

19   Agreement, and any subsequent offers for the Company.  In addition, Plaintiffs served discovery

20   on the parties and on non-parties concerning the Merger and the Company's consideration of

21   alternatives to the Merger.

22        On May 26, 2005, Chevron and Unocal caused a joint proxy statement/prospectus to be

23   filed with the SEC (the "Proxy").  After careful review of the Proxy, Co-Lead Counsel for

24   Plaintiffs determined that, in their view, material information was omitted from the Proxy

25   concerning the Merger and potential alternatives to the Merger.

26        On June 16, 2005, it was reported that CNOOC, Limited ("CNOOC") planned to make a

27   competing bid for Unocal.  On June 17, 2005, plaintiffs, among other things, (i) made a written

28   demand to Unocal to rescind the termination fee provisions in the Merger Agreement and for

1    Unocal to conduct an open and fair bidding process in order to maximize shareholder value for

2    the Company's shareholders.  On June 23, 2005, CNOOC publicly announced an offer to acquire

3    Unocal for $18.5 billion in cash.  Plaintiffs immediately sought to expedite discovery and set a

4    hearing on a motion for a preliminary injunction challenging the Proxy and the Merger.

5            On June 29, 2005, Unocal filed with the SEC a Proxy Statement/Prospectus (the "Proxy

6    Statement") concerning the Merger, which was mailed to all Unocal shareholders of record on the

7    record date on or about July 1, 2005.  The Proxy Statement related to a special meeting of Unocal

8    stockholders duly called for August 10, 2005, for the purpose of voting on the Merger (the

9    "Special Meeting").

10           Counsel for the parties met and conferred and, on July 13, 2005, the Court entered an

11   order setting a schedule for expedited discovery and briefing, and set a hearing on a motion for

12   preliminary injunction for August 5, 2005.

13           Between July 1 and July 29, Plaintiffs' counsel reviewed tens of thousands of pages of

14   documents produced by Defendants, filed an *ex parte* motion, and participated in a hearing before

15   the Court seeking to compel production of documents by Chevron; prepared and filed a response

16   to Chevron's Complaint in Intervention; took the depositions of a representative of Morgan

17   Stanley (Unocal's financial advisor), defendant Williamson (Unocal's President, Chief Executive

18   Officer, and Chairman of the Board), and a representative of Lehman Brothers (Chevron's

19   financial advisor); scheduled and prepared for other depositions, conducted significant research

20   concerning the complicated legal issues presented by the case; drafted and filed a consolidated

21   complaint challenging, among other things, the terms of the Merger, the Defendants' alleged

22   failure to maximize shareholder value, and disclosure issues regarding the Proxy; drafted a brief

23   in support of Plaintiffs' motion for preliminary injunction; and engaged in protracted settlement

24   negotiations with counsel for Unocal and Chevron.

25           On July 20, 2005, Unocal and Chevron publicly announced the Amendment, which

26   provided for an increase of approximately $500 million in the consideration to be received by

27   Unocal's shareholders in connection with the merger of Chevron.

28

MPI-27706v5

4

1    On July 22, 2005, Unocal filed with the SEC a Supplement to the Proxy Statement (the

2  "Supplement") concerning the Merger, which was mailed to all Unocal stockholders of record on

3  the record date on or about July 25, 2005.

4    Co-Lead Counsel for Plaintiffs and counsel for Defendants engaged in arm's-length

5  negotiations concerning a possible settlement of the Action.  At the conclusion of those

6  negotiations, the parties reached an agreement in principle providing for the settlement of the

7  Actions on the terms and conditions set forth below (the "Settlement"), which all parties believe

8  to be in their mutual best interests and the best interests of the Class.

9    As a direct result of the prosecution of the Action and Settlement, Unocal filed with the

10  SEC on July 29, 2005, and disseminated to all Unocal shareholders of record on the record date

11  additional disclosures concerning the Merger, including additional information about the

12  valuation of the CNOOC proposal, the Chevron offer, and the Amendment (the "Additional

13  Disclosures").  Without admitting any wrongdoing, the Unocal Defendants have acknowledged

14  that the prosecution of the Action was a factor underlying their decision to make the Additional

15  Disclosures, as well as in their considerations of the various courses of action described in the

16  Proxy Statement and Supplement, including their entering into the Amendment, which included

17  an increase in consideration to the Unocal shareholders.  The content of the Additional

18  Disclosures was responsive to the claims and requests of Co-Lead Counsel for Plaintiffs and,

19  prior to dissemination, was discussed with, and commented upon by, Co-Lead Counsel for

20  Plaintiffs.

21  **II.    CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT**

22    Plaintiffs believe that their claims challenging the terms of the Merger Agreement

23  (including price and termination fees) and the disclosures in the Proxy Statement were

24  meritorious.  As a result of the Amendment, which increased the value of the Chevron offer to

25  Unocal's shareholders by approximately $500 million, and through the prosecution of the Action

26  and the Defendants' agreement to make the Additional Disclosures, those claims have been

27  resolved  to the substantial benefit of the Unocal shareholders.  Co-Lead Counsel for the Plaintiffs

28  recognize and acknowledge the expense and length of continued proceedings necessary to

MPI-27706v5

5

1   prosecute the Action against Defendants. Co-Lead Counsel also have taken into account the

2   uncertain outcome and the risk of any litigation, especially in complex cases such as the Action,

3   as well as the difficulties and delays inherent in such litigation. Co-Lead Counsel for the

4   Plaintiffs are mindful of the inherent problems of proof under, and possible defenses to, the

5   claims asserted. Plaintiffs and Co-Lead Counsel also are mindful of the benefits of the

6   Amendment which offered additional consideration of approximately $500 million to the Unocal

7   shareholders, and of the Additional Disclosures, which they believe assisted the Unocal

8   shareholders to vote their shares on a fully-informed basis at the Special Meeting by enabling

9   them to understand better the process and valuations that led to the recommendation of the

10  Chevron merger proposal over the CNOOC proposal. Co-Lead Counsel for the Plaintiffs believe

11  that the pendency of the Action and the Settlement has conferred and is conferring substantial

12  benefits upon the Class by providing for monitoring, confirmatory discovery, and disclosure if

13  other offers had materialized. Based on their evaluation, including information received in

14  discovery, Co-Lead Counsel for the Plaintiffs have determined that the Settlement set forth in the

15  Stipulation is in the best interests of the Plaintiffs and the Class.

16  **III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

17          The Defendants have denied and continue to deny each and all of the claims and

18  contentions alleged by the Plaintiffs in the Action. The Defendants expressly have denied and

19  continue to deny all charges of wrongdoing or liability whatsoever in connection with the matters

20  raised in the Action and in connection with the Merger.

21          Nonetheless, the Defendants have concluded that further conduct of the Litigation would

22  be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled

23  in the manner and upon the terms and conditions set forth in this Stipulation, in order to limit

24  further expense, inconvenience and distraction to the Defendants and to the Defendants' business.

25  The Defendants have taken into account the uncertainty and risks inherent in any litigation,

26  especially in complex cases like the Action. The Defendants were also mindful of the substantial

27  benefits of the Merger and the rights of Unocal shareholders to vote their shares on a

28  fully-informed basis at the Special Meeting. The Defendants have, therefore, determined that it is

MPI-27706v5

1  desirable and beneficial to them that the Litigation be settled in the manner and upon the terms

2  and conditions set forth in the Stipulation.

3  **IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

4  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

5  Plaintiffs (for themselves and the Class Members), by and through Co-Lead Counsel, and the

6  Defendants, by and through their respective counsel of record, that, subject to the approval of the

7  Court, the Released Claims, and the Released Defendants' Claims shall be finally and fully

8  compromised, settled and released, as to all Released Parties, and shall be dismissed with

9  prejudice, upon and subject to the terms and conditions of this Stipulation, as follows:

10  **1.    Definitions**

11  As used in this Stipulation the following terms have the meanings specified below:

12  1.1    "Class" and "Class Members" mean all Persons who purchased, sold or

13  held shares of Unocal common stock during the period from April 4, 2005 to August 10, 2005

14  (the "Class Period") and their successors in interest and transferees, direct or indirect, immediate

15  or remote, but excluding the Defendants and any members of their immediate families.

16  1.2    "Class Representatives" means Michael Lieb, Paul K. Callan, Jennifer

17  Levin and Eric Nemetski.

18  1.3    "Co-Lead Counsel" means the law firms of Milberg Weiss Bershad &

19  Schulman, LLP and Robbins Umeda & Fink, LLP.

20  1.4    "Court" means the Superior Court for Los Angeles County, California.

21  1.5    "Defendants" means Unocal, Chevron, and the Individual Defendants.

22  1.6    "Effective Date" means the first date by which all of the events and

23  conditions specified in ¶ 6.1 of this Stipulation have been met and have occurred.

24  1.7    "Final" means entry of the Judgment and:  (i) the date of final affirmance

25  of the Judgment, the expiration of time for a petition for, or a denial of a writ of, certiorari or

26  mandate or petition for review to review the Judgment and, if certiorari or review is granted, the

27  date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of

28  final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on

MPI-27706v5

7

certiorari or mandate or petition for review to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment; or (iv) in the event that the Court or any appellate court enters a judgment in a form materially different from the Judgment (an "Alternative Judgment") and none of the parties elects to terminate the Settlement, the expiration date of the time for the filing or noticing of any appeal from the Alternative Judgment; provided, however, that no failure to grant, modification or denial of the attorneys' fees and expenses requested by Co-Lead Counsel shall constitute a ground for termination of the Settlement.

      1.8    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

      1.9    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity as well as the spouses, heirs, predecessors, successors, representatives, or assignees thereof.

      1.10   "Plaintiffs" means Michael Lieb, Paul K. Callan, Jennifer Levin, and Eric Nemetski.

      1.11   "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement, setting a date and procedures for a hearing, and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

      1.12   "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached hereto as Exhibit C.

      1.13   "Related Parties" means:

      (a)    with respect to Unocal and Chevron, their respective past or present directors, officers, employees, general or limited partners or partnerships, members, principals, underwriters, controlling shareholders, attorneys, accountants or auditors, insurers, financial advisors, banks or investment bankers, consultants or appraisers (and any consultants or appraisers retained by any of them), legal representatives, predecessors, successors, assigns,

1    parents, subsidiaries, related or affiliated entities (and the directors and officers of such parents,

2    subsidiaries, or related or affiliated entities), divisions, joint ventures, and any entity in which

3    either has a controlling interest.

4           (b)    with respect to the Individual Defendants and Plaintiffs, his or her

5    respective spouse, domestic partner, immediate family members, assigns, heirs, legatees,

6    devisees, executors, administrators, attorneys, insurers, legal representatives, any trust of which

7    such individual is the settlor or a beneficiary, and any entity in which such individual, alone or

8    with other Individual Defendants or Plaintiffs, has a controlling interest.

9           1.14    "Released Claims" shall collectively mean any and all claims, debts,

10    demands, rights or causes of action or liabilities whatsoever (including, without limitation, claims

11    for damages, injunctive or declaratory relief, attorneys' fees, expert fees, costs and expenses of

12    any nature), whether based on federal, state, local or foreign statutory or common law or any

13    other law, rule or regulation (including, without limitation, all claims arising under California

14    law, Delaware law, or federal securities law), whether fixed, contingent, accrued or unaccrued,

15    liquidated or unliquidated, matured or unmatured, at law or in equity, whether class or individual

16    in nature, including both known claims and Unknown Claims that arise out of, or relate in any

17    way to:  (i) the Merger (including, without limitation, any negotiations or discussions preparatory

18    to entry into the Merger Agreement or Amended Merger Agreement and any communications or

19    discussions with any Person after entry into the Merger Agreement or Amended Merger

20    Agreement), the Merger Agreement, the Amendment, the Amended Merger Agreement, the

21    Proxy Statement, the Supplement, the Additional Disclosures, or any other disclosures or

22    statements, or actions taken or not taken, by any Defendant relating to the Merger; or (ii) any

23    other proposed or actual sale of control or merger of Unocal and any actions taken or not taken,

24    statements, or disclosures by any Defendant (including, without limitation, any communications

25    or discussions with any Person) related thereto, including, in both (i) and (ii) above, Unknown

26    Claims; provided, however, that Plaintiffs shall have the right to enforce the provisions of this

27    Settlement, and nothing herein shall be deemed to release, waive, or limit the right of Class

28    Members to seek appraisal of their Unocal shares pursuant to Delaware law following the Merger.

The Settlement will constitute a waiver of whatever rights Plaintiffs or the Class Members or any of them or their respective Related Parties may have under § 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Plaintiffs and the Class Members, upon entry of the Judgment, shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights, and benefits conferred by any law or principle of common law of any state or territory of the United States that is similar, comparable or equivalent to § 1542 of the California Civil Code.

1.15 "Released Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action, or any forum by the Defendants, or their respective Related Parties against Plaintiffs or any of the Class Members or their attorneys (including Co-Lead Counsel) and that arise out of, or relate in any way to, the institution, prosecution, or settlement of the Action, except claims relating to the enforcement of this Settlement. The Settlement will constitute a waiver of whatever rights the Defendants or their respective Related Parties may have under § 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Defendants and their respective Related Parties, upon entry of the Judgment, shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights, and benefits conferred by any law or principle of common law of any state or territory of the United States that is similar, comparable or equivalent to § 1542 of the California Civil Code.

1.16 "Released Person", when used in the context of "Released Claims" means each and all of the Defendants and their Related Parties and, when used in the context of "Released Defendants' Claims," means each and all of the Plaintiffs and their Related Parties.

1.17    "Settlement" means the agreement to resolve fully and finally the Action on the terms herein set forth.

1.18    "Settlement Notice" means the notice of the proposed Settlement, motion for attorney's fees and costs, and hearing thereon, to be disseminated to Class Members, substantially in the form attached hereto as Exhibit B.

1.19    "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf of themselves and the Members of the Class.

1.20    "Unknown Claims" means:

    (i)    any Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons and

    (ii)    any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons,

which, if known by him, her or it, might have affected his, her or its decision not to object to, or enter into, this Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon entry of the Judgment, Plaintiffs and Defendants shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Plaintiffs, Defendants, and the Class Members, upon entry of the Judgment, shall be deemed to have, and by operation of the Judgment shall have, waived any and all provisions, rights and benefits conferred by any law or principle of common law of any state or territory of the United States that is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiffs,

1    Defendants, and the Class Members may hereafter discover facts in addition to, or different from,

2    those that, he, she or it now knows or believes to be true with respect to the subject matter of the

3    Released Claims or the Released Defendants' Claims, but Plaintiffs, Defendants, and each Class

4    Member, upon entry of the Judgment, shall be deemed to have, and by operation of the Judgment

5    shall have, fully, finally, and forever settled and released any and all Released Claims and

6    Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-

7    contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon

8    any theory of law or equity now existing or coming into existence in the future, including, but not

9    limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty,

10   law or rule, without regard to the subsequent discovery or existence of such different or additional

11   facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a key

12   element of the Settlement of which the release of Unknown Claims is a part.

13       **2.    The Settlement**

14           2.1    The Action was filed following the announcement of the proposed Merger.

15   In the Action, Plaintiffs claimed that the Unocal Defendants had breached their fiduciary duties in

16   connection with the Merger and that certain disclosures in the Proxy and the Supplement were

17   deficient.

18           2.2    After reviewing thousands of pages of documents produced by Defendants

19   and non-parties, taking the depositions of the Chairman and CEO of Unocal and representatives

20   of the financial advisors of Chevron and Unocal, and consultations with their expert, Co-Lead

21   Counsel engaged in arms-length negotiations with counsel for Defendants. Those negotiations

22   culminated in the Settlement.

23           2.3    Pursuant to the Settlement, on July 29, 2005, Unocal filed with the SEC

24   and disseminated publicly the Additional Disclosures. The subject matter of the Additional

25   Disclosures was agreed upon during the negotiations. The content of the Additional Disclosures

26   was responsive to the claims and requests of Co-Lead Counsel for Plaintiffs and, prior to

27   dissemination, was reviewed and approved by Co-Lead Counsel. The Additional Disclosures

28

1   were disseminated in time to allow Class Members to review them fully before the Special

2   Meeting.

3          2.4    The Settlement further provided that, in the event that, prior to the

4   consummation of the Merger, a third party made a bona fide proposal to merge with, or acquire

5   all of the outstanding common stock of, Unocal, the Unocal Defendants would:

6          (a)    engage with Co-Lead Counsel in periodic disclosures and communications

7   about such proposal;

8          (b)    disclose promptly and publicly, in conformity with the applicable

9   provisions of the Amended Merger Agreement, the material terms of such proposal, sufficiently

10  in advance of the closing of the polls of any special meeting of the Unocal shareholders to

11  consider the Merger to permit adequate time for public dissemination of such disclosure. The

12  Settlement further provided that, if such an offer had been made, Plaintiffs would have had the

13  right to terminate the Settlement upon written notice to all parties.

14         2.5    Defendants agreed to provide Co-Lead Counsel with reasonable

15  confirmatory discovery prior to the date for the hearing provided in the Preliminary Approval

16  Order, to consist of the production of documents, to be specified by document, and the

17  depositions or interviews of one of the Individual Defendants or a senior executive of Unocal and

18  a representative of Unocal's financial advisor, the identities of such persons were mutually agreed

19  upon by the Settling Parties.

20         2.6    Without admitting any wrongdoing or liability whatsoever, the Unocal

21  Defendants have acknowledged that the prosecution of the Action was a factor underlying their

22  decision to make the Additional Disclosures, as well as in their consideration of the various

23  courses of action described in the Proxy Statement and Supplement, including their decision to

24  enter into the Amendment, which included an increase in consideration to the Unocal

25  shareholders.

26         2.7    Subsequent to negotiating the substantive terms of the Settlement, Co-Lead

27  Counsel and Defendants' counsel agreed that, subject to the approval of the Court, the amount of

28  attorneys' fees (inclusive of disbursements and fees) will be $4,925,000. Co-Lead Counsel will

1    file an application for an award of $4,925,000 in fees and expenses, to which Defendants agreed

2    and will not oppose and will pay, if approved by the Court.

3         2.8    The Settling parties agree, for purposes of the Settlement only, to the

4    certification of the Class in the Action.

5    **3.    Preliminary Approval Order and Settlement Hearing**

6         3.1    As soon as reasonably practicable after execution of this Stipulation, all

7    counsel for the Settling Parties shall submit this Stipulation together with its Exhibits to the Court

8    and shall apply for entry of a Preliminary Approval Order substantially in the form of Exhibit A

9    hereto, requesting, *inter alia*, conditional certification of the Class, preliminary approval of the

10   Settlement set forth in this Stipulation, and approval for the mailing and publication of a

11   Settlement Notice (the "Notice") and publication of the summary notice (the "Publication

12   Notice"), substantially in the form of Exhibits B and C hereto, which shall include the general

13   terms of the Settlement set forth in this Stipulation and the date of, and procedures for, the

14   Settlement Hearing as defined below.

15        3.2    Unocal or its successor shall assume the administrative responsibility to

16   disseminate Notice to the Class and to publish the Publication Notice in accordance with the

17   Preliminary Approval Order.  Unocal or its successor shall be solely responsible for the costs of

18   disseminating the Settlement Notice and publishing the Publication Notice.  Prior to the

19   Settlement Hearing, Unocal's counsel shall file with the Court an appropriate affidavit or

20   declaration with respect to provision of the Settlement Notice to the Class and publication of the

21   Publication Notice.

22        3.3    The Settling Parties' counsel shall request that, after Notice is given, the

23   Court hold a hearing (the "Settlement Hearing"), to approve finally the Settlement of the Action

24   as set forth herein, and rule upon Co-Lead Counsel's application for award of the agreed Fee and

25   Expense Amount.

26        3.4    The Notice shall also specifically include provisions that Class Members

27   who so desire may file written objections to (i) the Settlement proposed by this Stipulation, and

28   (ii) entry of the Judgment; and that any papers submitted in support of said objections shall be

1    considered by the Court at the Settlement Hearing only if, on or before the date specified in the

2    Notice, Persons making any such objections shall file and serve written objections (which shall

3    set forth each objection and the basis therefor) and copies of any papers in support of their

4    position as set forth in the Notice. The Notice shall further provide that all Class Members shall

5    be bound by any and all judgments or settlements entered or approved by the Court, whether

6    favorable or unfavorable to the Class.

7         3.5     The Preliminary Approval Order and Notice shall also state that, pending

8    final determination of whether the Settlement contained in this Stipulation should be approved,

9    neither the Plaintiffs nor any Class Member, either directly, derivatively, individually,

10   representatively, or in any other capacity shall commence or prosecute any action or proceeding

11   in any court or tribunal asserting any of the Released Claims against the Released Persons.

12        **4.      Releases**

13        4.1     Upon the entry of the Judgment, each of the Plaintiffs shall have, and each

14   of the Class Members shall be deemed to have, and by operation of the Judgment shall have,

15   fully, finally, and forever released, relinquished and discharged all Released Claims, including

16   Unknown Claims, against the Released Persons.

17        4.2     Upon the entry of the Judgment, each of the Defendants shall be deemed to

18   have, and by operation of the Judgment shall have, fully, finally, and forever released,

19   relinquished and discharged all Released Defendants' Claims, including Unknown Claims,

20   against the Released Persons.

21        4.3     In no way shall any provision of this Stipulation be construed to affect any

22   rights or possible claims that any Settling Party or Released Person may have with respect to or

23   against their own insurers.

24        4.4     With respect to the releases of Unknown Claims provided for in this

25   Stipulation, the Settling Parties stipulate and agree that, upon entry of the Judgment, the

26   Plaintiffs, Defendants, Class Members, and their respective Related Parties shall be deemed to

27   have, and by operation of the Judgment shall have, waived and relinquished, to the fullest extent

28   permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code and

MPI-27706v5

15

the rights and benefits conferred by any law or principle of common law of any state or territory of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Section § 1542 of the California Civil Code provides:

**A general release does not extend to any claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with the debtor.**

4.5     No release given pursuant to this Stipulation shall apply to, or affect, any claims:

(a)     by any of the Settling Parties to enforce this Stipulation, any orders issued pursuant thereto, or any rights arising therefrom;

(b)     by any of the Settling Parties for the protection of confidential information obtained or produced in the course of the Action; or

(c)     by any Plaintiff or Class Member for appraisal of their shares pursuant to Delaware law following the Merger.

**5.     Co-Lead Counsel's Attorneys' Fees and Expenses**

5.1     Defendants agree to pay, subject to the Court's approval, $4,925,000.00 as attorneys' fees and expenses and no more. Co-Lead Counsel and Plaintiffs agree that the denial, modification, or failure to grant attorneys' fees and expenses shall not constitute grounds for termination of the Settlement.

5.2     Within ten (10) business days of entry of the Judgment and the award to Co-Lead Counsel of attorneys' fees and costs, Unocal or its successor(s)-in-interest shall pay, on behalf of all Defendants, such attorneys' fees and expenses as may be awarded by the Court, plus interest thereon at the rate of five percent (5%) per annum from the date of execution of this Stipulation, to Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss"), as receiving agent for an escrow account for Co-Lead Counsel. Milberg Weiss may disburse the funds from the escrow account upon approval of the Court. Co-Lead Counsel jointly and severally undertake to make prompt and appropriate repayment to Unocal and/or its successor(s)-in-interest, if, as a result of any appeal, further proceedings on remand, successful collateral attack, or other judicial proceedings, the amount of the award of attorneys' fees and expenses is reduced.

5.3     Except as provided in Paragraphs 3.2, 5.1 and 5.2 above, each of the Settling Parties shall bear his, or its, own fees and expenses.  No Defendant shall seek reimbursement for its fees or expenses from Plaintiffs or Co-Lead Counsel.

**6.     Conditions of Settlement, Effect of Disapproval, Cancellation of Termination**

6.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     The Court has entered the Preliminary Approval Order, as required by ¶ 3.1 hereof;

(b)     Notice has been given pursuant to the Preliminary Approval Order;

(c)     The Court has entered the Judgment, or a judgment substantially in the form of Exhibit D hereto;

(d)     The Fees and Expenses Amount awarded by the Court (if any) has been paid by Unocal or its successor to Milberg Weiss in accordance with ¶ 5.2 hereof;

(e)     The Judgment has become Final, as defined in ¶ 1.7 hereof; and

(f)     The Action is dismissed with prejudice.

6.2     If (a) any of the terms of this Stipulation, including any later amendment, are disapproved by the Court; (b) the Court fails to enter the Judgment or such Judgment is finally reversed, vacated or substantially modified upon appeal; or (c) any of the other conditions specified in ¶ 6.1 are not met, then any parties to this Stipulation may terminate the Settlement upon written notice to all other parties within ten (10) business days of the occurrence of the event giving rise to the right to terminate.

6.3     In the event this Stipulation is cancelled, terminated or withdrawn, the Settling Parties shall be restored to their respective positions in the Action as of July 28, 2005, provided, however, that Plaintiffs will not renew a motion for an injunction in connection with the acquisition of Unocal, including the Merger.  In such event, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in any proceeding for any purpose, and any judgment or order entered by the Court under the terms of this Stipulation shall be treated as vacated, *nunc pro tunc.*

**7. Miscellaneous Provisions**

7.1     The Settling Parties: (a) acknowledge that it is their intention to consummate the Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation, including the use of best efforts to obtain dismissal with prejudice of the Action.

7.2     The parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merit or lack thereof of any claim or defense. The Settling Parties agree that the Settlement was negotiated in good faith and was reached voluntarily after consultation with experienced legal counsel. The Judgment will contain a statement that, during the litigation, to the best of each party's knowledge, the other parties to this Stipulation and their respective counsel at all times complied with the requirements of the applicable California Rules of Court, California Code of Civil Procedure, and the rules of professional responsibility.

7.3     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity, or lack thereof, of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal (other than in such proceedings as may be necessary to consummate or enforce this Stipulation or the Settlement provided herein, or the Judgment), except that Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4   All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.5   This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their successors-in-interest.

7.6   This Stipulation, together with the attached Exhibits, constitutes the entire agreement among the Settling Parties and supercedes in all respects the Memorandum of Understanding previously signed by the Settling Parties as of July 28, 2005.  No representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits or the Memorandum of Understanding, other than the representations, warranties and covenants contained and memorialized herein.  Except as otherwise provided herein, each party shall bear its own fees, expenses and costs.  Unless ordered by a court of competent jurisdiction, no Party or counsel shall disseminate, refer to, or otherwise distribute to any third party any information regarding the negotiation of the Settlement between the Parties, or any information or documents they obtained from another Party in connection with the Settlement.  Any party receiving a discovery request or subpoena requesting information covered by the preceding sentence shall notify all other parties in writing of the request and shall endeavor to interpose objections and otherwise to safeguard confidentiality; provided, however, that no Party shall be required to disobey lawful orders of a court or to incur sanctions, and it will be the obligation of the party that designated materials confidential to take steps to preserve confidentiality in any such proceeding.  All protective orders entered in the Action, and any agreements relating to the confidentiality of documents and information to which the Settling Parties, their counsel, or any consultants or appraisers retained by any of them are parties remain in effect by their terms, notwithstanding this Stipulation or the dismissal of the Action.

7.7   Co-Lead Counsel, on behalf of the Class, are expressly authorized to take all appropriate actions required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class that they deem to be appropriate.

MPI-27706v5

19

STIPULATION OF SETTLEMENT

7.8     Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

7.9     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

7.10    This Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties and their representatives, agents, executors, heirs, successors, and assigns.

7.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

7.12    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of California without giving effect to that State's choice of law principles.

7.13    It is expressly acknowledged that the Merger may occur prior to Court approval of the Stipulation or the Judgment becoming Final.

/

/

/

/

/

/

/

/

/

/

1    IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

2    by their duly authorized attorneys, dated as of August 2005.

3    MILBERG WEISS BERSHAD &                    WACHTELL, LIPTON, ROSEN & KATZ
     SCHULMAN LLP
4

5
     Jeff S. Westerman                          Paul K. Rowe
6    Kristen McCullough                         51 West 52nd Street
     355 South Grand Avenue, Suite 4170         New York, New York 10019
7    Los Angeles, California 90071              Telephone:    (212) 403-1000
     Telephone:    (213) 617-2100
8
     Co-Lead Counsel for Plaintiffs             IRELL & MANELLA LLP
9

10

11                                              Craig Varnen
                                                1800 Avenue of the Stars, Suite 900
12                                              Los Angeles, California 90067-4276
                                                Telephone:    (310) 277-1010
13
                                                Attorneys for Defendants Unocal Corporation,
14                                              Craig Arnold, John W. Creighton, Jr., James
                                                W. Crownover, Ferrell P. McClean, Richard D.
15                                              McCormick, Donald B. Rice, Kevin W. Sharer,
                                                Mark A. Suwyn, Marina V.N. Whitman,
16                                              Charles R. Williamson

17   ROBBINS UMEDA & FINK LLP                   JONES DAY

18

19
     Jeffrey F. Fink                            Philip E. Cook
20   S. Benjamin Rozwood                        John W. Edwards II
     Steven R. Wedeking                         555 South Flower Street, Fiftieth Floor
21   610 West Ash Street, Suite 1800            Los Angeles, California 90071
     San Diego, California 92101                Telephone:    (213) 489-3939
22   Telephone:    (619) 525-3990
                                                Attorneys for Defendant In Intervention
23   Co-Lead Counsel for Plaintiffs             Chevron Corporation

24

25

26

27

28

     MPI-27706v3                        21
     ────────────────────────────────────────────────
                    STIPULATION OF SETTLEMENT

1    IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

2  by their duly authorized attorneys, dated as of August __, 2005.

3  MILBERG WEISS BERSHAD &              WACHTELL, LIPTON, ROSEN & KATZ
   SCHULMAN LLP
4

5  _____          _____
6  Jeff S. Westerman                    Paul K. Rowe
   Kristen McCullough                   51 West 52nd Street
   355 South Grand Avenue, Suite 4170   New York, New York 10019
7  Los Angeles, California 90071        Telephone:    (212) 403-1000
   Telephone:    (213) 617-2100
8
   Co-Lead Counsel for Plaintiffs       IRELL & MANELLA LLP
9

10
                                        _____
11                                      Craig Varnen
                                        1800 Avenue of the Stars, Suite 900
12                                      Los Angeles, California 90067-4276
                                        Telephone:    (310) 277-1010
13
                                        Attorneys for Defendants Unocal Corporation,
14                                      Craig Arnold, John W. Creighton, Jr., James
                                        W. Crownover, Ferrell P. McClean, Richard D.
15                                      McCormick, Donald B. Rice, Kevin W. Sharer,
                                        Mark A. Suwyn, Marina V.N. Whitman,
16                                      Charles R. Williamson

17  ROBBINS UMEDA & FINK LLP            JONES DAY

18
                                        _Jo. W. Edwards II_
19
   _____          _____
20  Jeffrey P. Fink                     Philip E. Cook
   S. Benjamin Rozwood                  John W. Edwards II
   Steven R. Wedeking                   555 South Flower Street, Fiftieth Floor
21  610 West Ash Street, Suite 1800     Los Angeles, California 90071
   San Diego, California 92101          Telephone:    (213) 489-3939
22  Telephone:    (619) 525-3990
                                        Attorneys for Defendant In Intervention
23  Co-Lead Counsel for Plaintiffs      Chevron Corporation

24

25

26

27

28

1      IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

2  by their duly authorized attorneys, dated as of August __, 2005.

3  MILBERG WEISS BERSHAD &              WACHTELL, LIPTON, ROSEN & KATZ
   SCHULMAN LLP
4

5                                      _Paul K. Rowe_
   _____     _____
6  Jeff S. Westerman                    Paul K. Rowe
   Kristen McCullough                   51 West 52nd Street
7  355 South Grand Avenue, Suite 4170   New York, New York 10019
   Los Angeles, California 90071        Telephone:    (212) 403-1000
8  Telephone:    (213) 617-2100

9  Co-Lead Counsel for Plaintiffs       IRELL & MANELLA LLP

10

11                                      _____
                                        Craig Varnen
12                                      1800 Avenue of the Stars, Suite 900
                                        Los Angeles, California 90067-4276
13                                      Telephone:    (310) 277-1010

14                                      Attorneys for Defendants Unocal Corporation,
                                        Craig Arnold, John W. Creighton, Jr., James
15                                      W. Crownover, Ferrell P. McClean, Richard D.
                                        McCormick, Donald B. Rice, Kevin W. Sharer,
16                                      Mark A. Suwyn, Marina V.N. Whitman,
                                        Charles R. Williamson

17  ROBBINS UMEDA & FINK LLP            JONES DAY

18

19
   _____     _____
20  Jeffrey P. Fink                      Philip E. Cook
   S. Benjamin Rozwood                  John W. Edwards II
21  Steven R. Wedeking                   555 South Flower Street, Fiftieth Floor
   610 West Ash Street, Suite 1800      Los Angeles, California 90071
22  San Diego, California 92101          Telephone:    (213) 489-3939
   Telephone:    (619) 525-3990
23                                      Attorneys for Defendant In Intervention
   Co-Lead Counsel for Plaintiffs       Chevron Corporation

24

25

26

27

28

# Exhibit A

Jeff S. Westerman (State Bar No. 94559)
Kristen McCullough (State Bar No. 177558)
MILBERG WEISS BERSHAD &
SCHULMAN LLP
355 South Grand Avenue, Suite 4170
Los Angeles, California  90071
Telephone:    (213) 617-1200
Facsimile:    (213) 617-1975

Jeffrey P. Fink (State Bar No. 199291)
S. Benjamin Rozwood (State Bar No. 181474)
Steven R. Wedeking (State Bar No. 235759)
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, California  92101
Telephone:    (619) 525-3990
Facsimile:    (619) 525-3991

Co-Lead Counsel for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

MICHAEL LIEB, PAUL K. CALLAN,
JENNIFER LEVIN, and ERIC NEMETSKI,
on behalf of themselves and all others
similarly situated

Plaintiffs,

v.

UNOCAL CORP., CRAIG ARNOLD,
JOHN W. CREIGHTON, JR., JAMES W.
CROWNOVER, FERRELL P. MCCLEAN,
RICHARD D. MCCORMICK, DONALD B.
RICE, KEVIN W. SHARER, MARK A.
SUWYN, MARINA V.N. WHITMAN,
CHARLES RE. WILLIAMSON, AND
DOES 1-25, INCLUSIVE,

Defendants,

and

CHEVRON CORPORATION,

Defendant in Intervention.

CASE NO. BC331316
Consolidated with Case No. BC331925

Assigned to Honorable Emilie H. Elias

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING NOTICE

MPI-27710v4

1

1    WHEREAS, a consolidated class action is pending before the Court entitled <u>Lieb, et al. v.</u>

2 <u>Unocal Corp., et al.</u>, Case No. BC331925 (the "Action").

3    WHEREAS, the parties having applied for an order approving the settlement of the Action

4 (the "Settlement"), in accordance with a Stipulation of Settlement dated as of August ___, 2005

5 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and

6 conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice

7 upon the terms and conditions set forth therein, and the Court having read and considered the

8 Stipulation and the Exhibits annexed thereto; and

9    WHEREAS, all defined terms contained herein shall have the same meanings as set forth

10 in the Stipulation.

11   NOW THEREFORE, IT IS HEREBY ORDERED:

12 1.    The Court conditionally certifies, for purposes of effectuating this Settlement only,

13   a Class of Plaintiffs defined as:  All Persons who purchased, sold or held shares of Unocal

14   common stock during the period from April 4, 2005 to August 10, 2005 (the "Class

15   Period") and their successors in interest and transferees, direct or indirect, immediate or

16   remote, but excluding the Defendants and any members of their immediate families.

17 2.    The Court does hereby preliminarily approve the Stipulation and the Settlement set

18   forth therein, subject to further consideration at the Settlement Hearing described below.

19 3.    A hearing (the "Settlement Hearing" ) shall be held before this Court on

20   _____, 2005, at _____:_____ .m., before the Honorable Emilie H. Elias, 600 South

21   Commonwealth Avenue, Los Angeles, California 90005, to determine whether the

22   proposed Settlement of the Action on the terms and conditions provided for in the

23   Stipulation is fair, just reasonable and adequate to the Class and should be approved by

24   the Court; and whether a Judgment as provided in the Stipulation should be entered

25   herein.  The Court may adjourn the Settlement Hearing without further notice to Class

26   Members.

27 4.    The Court approves, as to form and content, the Notice of Settlement of Class

28   Action (the "Notice"), and Summary Notice for Publication ("Summary Notice") annexed

1  as Exhibits __ and __ hereto and finds that the mailing and distribution of the Notice and

2  publishing of the Summary Notice substantially in the manner and form set forth in this

3  paragraph meet the requirements of California law and due process, and provide the best

4  notice practicable under the circumstances and shall constitute due and sufficient notice to

5  all Persons entitled thereto.

6      (a)      Not later than _____, 2005 (the "Notice Date"), Unocal or its

7            successors shall cause a copy of the Notice substantially in the form annexed as

8            Exhibit __ to be sent by first-class mail to all class members who can be identified

9            with reasonable effort as being Class Members;

10      (b)      Not later than _____, 2005, Unocal shall cause the Summary

11            Notice in the form annexed as Exhibit __ to be published once in the national

12            edition of the Wall Street Journal; and

13      (c)      At least five (5) days prior to the Settlement Hearing, Counsel for Unocal

14            or its successors shall file with the Court and serve on all other parties proof, by

15            affidavit or declaration, of such mailing and publishing.

16  5.      Nominees who held the common stock of Unocal during the Class Period for the

17  beneficial ownership of another shall mail the Notice to all such beneficial owners of

18  stock within ten (10) days after receipt thereof, or send a list of the names and addresses

19  of such beneficial owners to Unocal ors its successors at the address identified in the

20  Notice within 10 days of receipt thereof, in which event Unocal or its successors shall

21  promptly mail the Notice to such beneficial owners.

22  6.      Any Class Member may enter an appearance in the Action, at his or her own

23  expense, individually or through counsel of their own choice. If they do not enter an

24  appearance, they will be represented by Co-Lead Counsel.

25  7.      Unless and until the Settlement is terminated pursuant to the Stipulation, all

26  proceedings in the Action, other than such proceedings as may be necessary to carry out

27  the terms and conditions of the Stipulation, are hereby stayed and suspended until further

28  order of this Court. Pending final determination whether the Stipulation should be

1    approved, and unless and until the Settlement is canceled and terminated pursuant to the

2    Stipulation, Plaintiffs and all Class Members are barred and enjoined from commencing or

3    prosecuting any action asserting any claims, whether directly, derivatively, individually,

4    representatively or in any other capacity, that are, or relate in any way to, the Released

5    Claims as defined in the Stipulation.

6    8.        Any Class Member may appear and show cause, if he, she or it has any reason

7    why the proposed Settlement of the Action should or should not be approved as fair, just,

8    reasonable and adequate, or why Judgment should or should not be entered thereon

9    provided, however, that no Class Member shall be heard or entitled to contest the approval

10   of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to

11   be entered thereon approving the same unless that person has delivered by hand or sent by

12   first class mail a written statement of the objections and reasons therefor and copies of any

13   supporting papers and briefs, such that they are received on or before _____, 2005,

14   by:

15   Jeff S. Westerman
     Milberg Weiss Bershad & Schulman LLP
16   355 South Grand Avenue, Suite 4170
     Los Angeles, California  90071
17
     and
18
     Jeffrey P. Fink
19   Robbins Umeda & Fink, LLP
     610 West Ash Street, Suite 1800
20   San Diego, California  92101
     Telephone:     (619) 525-3990
21   Facsimile:     (619) 525-3991

22   Co-Lead Counsel for Plaintiffs

Paul K. Rowe
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York  10019

and

Craig Varnen
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067-4276

Attorneys for Unocal Defendants
Philip E. Cook
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, California  90071
Telephone:     (213) 489-3939

and

John W. Edwards II
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, California  94025
Telephone:     (650) 739-3939

Attorneys for Chevron Corporation

Any Class Member who does not make his, her or its objection in the manner provided shall be

deemed to have waived such objection and shall forever be foreclosed from making any objection

to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation unless

otherwise ordered by the Court.

9.        The Settling Parties shall file all papers, including memoranda or briefs in support

of the Settlement, not later than five (5) calendar days prior to the Settlement Hearing.

10.        Neither the Stipulation, nor any of its terms or provisions, nor any of the

negotiations or proceedings connected with it, shall be construed as an admission or

concession by Defendants of the truth of any of the allegations in the Action, or of any

liability, fault, or wrongdoing of any kind.

11.        The Court reserves the right to adjourn the date of the Settlement Hearing without

further notice to the Class Members, and retains jurisdiction to consider all further

applications arising out of, or connected with, the proposed Settlement.  The Court may

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

1    approve the Settlement, with such modifications as may be agreed to by the Settling

2    Parties, if appropriate, without further notice to the Class Members.

3    DATED: _____

4

5                                THE HONORABLE EMILIE H. ELIAS

6                                JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING NOTICE

# Exhibit B

1  Jeff S. Westerman (State Bar No. 94559)
   Kristen McCullough (State Bar No. 177558)
2  MILBERG WEISS BERSHAD &
   SCHULMAN LLP
3  355 South Grand Avenue, Suite 4170
   Los Angeles, California  90071
4  Telephone:     (213) 617-1200
   Facsimile:     (213) 617-1975
5
   Jeffrey P. Fink (State Bar No. 199291)
6  S. Benjamin Rozwood (State Bar No. 181474)
   Steven R. Wedeking (State Bar No. 235759)
7  ROBBINS UMEDA & FINK, LLP
   610 West Ash Street, Suite 1800
8  San Diego, California  92101
   Telephone:     (619) 525-3990
9  Facsimile:     (619) 525-3991

10 Co-Lead Counsel for Plaintiffs

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF LOS ANGELES

14 MICHAEL LIEB, PAUL K. CALLAN,            CASE NO. BC331316
   JENNIFER LEVIN, and ERIC NEMETSKI,       Consolidated with Case No. BC331925
15 on behalf of themselves and all others
   similarly situated                        Assigned to Honorable Emilie H. Elias
16
                Plaintiffs,                  NOTICE OF SETTLEMENT OF CLASS
17                                           ACTION
        v.
18
   UNOCAL CORP., CRAIG ARNOLD,
19 JOHN W. CREIGHTON, JR., JAMES W.
   CROWNOVER, FERRELL P. MCCLEAN,
20 RICHARD D. MCCORMICK, DONALD B.
   RICE, KEVIN W. SHARER, MARK A.
21 SUWYN, MARINA V.N. WHITMAN,
   CHARLES R. WILLIAMSON, AND DOES
22 1-25, INCLUSIVE,

23              Defendants,

24 and

25 CHEVRON CORPORATION,

26              Defendant in Intervention.

27

28

MPI-27714v5                        1

1   TO:     ALL PERSONS WHO PURCHASED, SOLD OR HELD UNOCAL CORPORATION

2           ("UNOCAL") COMMON STOCK DURING THE PERIOD OF APRIL 4, 2005 TO

3           AUGUST 10, 2005:  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS

4           ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS

5           LITIGATION.

6           This Notice has been sent pursuant to an Order of the Superior Court of the State of

7   California, County of Los Angeles, granting preliminary approval of the Stipulation of Settlement

8   (the "Stipulation"), dated as of August __, 2005, by and among the Settling Parties (defined

9   below).  The purpose of this Notice is to inform you of the proposed Settlement of this class

10  action litigation and of the hearing to be held by the Court to consider the fairness,

11  reasonableness, and adequacy of the Settlement.  This Notice describes the rights you may have

12  in connection with the Settlement and what steps you may take in relation to the Settlement and

13  this class action litigation.

14          This Notice is not an expression of any opinion by the Court about the merits of any of the

15  claims or defenses asserted by any party in this Action or the fairness or adequacy of the proposed

16  Settlement.

17  **I.      THE LITIGATION**

18          There is now pending in the California Superior Court for the County of Los Angeles, a

19  consolidated action entitled <u>Lieb, et al. v. Unocal Corp., et al.</u>, Case No BC331316 (the

20  "Action").

21          The cases that have been consolidated as the Action were filed as putative class actions on

22  behalf of shareholders of Unocal Corporation ("Unocal"), naming as defendants Unocal and the

23  members of Unocal's Board of Directors (the "Individual Defendants" and collectively with

24  Unocal, the "Unocal Defendants").  Chevron Corporation ("Chevron") subsequently moved to

25  intervene, which motion was granted by stipulation on July 20, 2005.  (Chevron and the Unocal

26  Defendants are collectively termed the "Defendants").

27          Unocal and Chevron entered into an Agreement and Plan of Merger dated April 4, 2005

28  (the "Merger Agreement") and an Amendment No. 1 to the Merger Agreement dated July 19,

MPI-27714v5

2

1    2005 (the "Amendment: and, together with the Merger Agreement, the "Amended Merger

2    Agreement"), pursuant to which Unocal has, following shareholder approval and effective

3    August 10, 2005, merged with and into a wholly-owned subsidiary of Chevron (the "Merger"),

4    and each share of Unocal common stock was thereupon converted at the election of each Unocal

5    shareholder into the right to receive:  (i) a combination of 0.618 of a share of Chevron common

6    stock and $27.60 in cash; (ii) 1.03 shares of Chevron common stock; or (iii) $69 in cash, with the

7    elections in (ii) and (iii) subject to proration to preserve an overall per-share mix of 0.618 of a

8    share of Chevron common stock and $27.60 in cash for all outstanding shares of Unocal common

9    stock at the Effective Date, as defined in the Amended Merger Agreement, taken together.

10           Plaintiffs alleged in the Action that the defendants breached their fiduciary duties owed to

11   Unocal shareholders by, among other things, failing to maximize shareholder value, and

12   discouraging and/or inhibiting alternative offers to purchase control of Unocal.  Specifically,

13   Plaintiffs challenged (i) the process in which the Chevron offer was recommended; (ii) the price

14   offered in the Merger for Unocal on the grounds that the intrinsic value of Unocal is materially in

15   excess of the amount offered in the Merger, and (iii) the terms of the Merger Agreement which

16   required Unocal to pay Chevron a $500 million termination fee in the event the Merger is

17   terminated in favor of a superior bid for the Company.  Notably, prior to and after the

18   announcement of the Merger, other parties had indicated interest in making competing bids for

19   the Company.  Thus, Plaintiffs claims that the termination fee in the Merger Agreement

20   threatened to impede the ability of Unocal shareholders to receive maximum value for their

21   equity interests in the Company.

22           Plaintiffs retained a financial expert to assist them in evaluating the terms of the Merger

23   Agreement, and any subsequent offers for the Company.  In addition, Plaintiffs served discovery

24   on the parties and on non-parties concerning the Merger and the Company's consideration of

25   alternatives to the Merger.

26           On May 26, 2005, Chevron and Unocal caused a joint proxy statement/prospectus to be

27   filed with the Securities and Exchange Commission ("SEC") (the "Proxy Statement").  After

28   careful review of the Proxy, Co-Lead Counsel for Plaintiffs determined that, in their view,

NOTICE OF SETTLEMENT OF CLASS ACTION

1    material information was omitted from the Proxy concerning the Merger and potential

2    alternatives to the Merger.

3         On June 16, 2005, it was reported that CNOOC, Limited ("CNOOC") planned to make a

4    competing bid for Unocal. On June 17, 2005, plaintiffs, among other things, (i) made a written

5    demand to Unocal to rescind the termination fee provisions in the Merger Agreement and for

6    Unocal to conduct an open and fair bidding process in order to maximize shareholder value for

7    the Company's shareholders. On June 23, 2005, CNOOC publicly announced an offer to acquire

8    Unocal for $18.5 billion in cash. Plaintiffs immediately sought to expedite discovery and set a

9    hearing on a motion for a preliminary injunction challenging the Proxy and the Merger.

10        On June 29, 2005, Unocal filed with the SEC a Proxy Statement concerning the Merger,

11   which was mailed to all Unocal shareholders of record on the record date on or about July 1, 2005

12   (the "Proxy Statement"). The Proxy Statement related to a special meeting of Unocal

13   stockholders duly called for August 10, 2005, for the purpose of voting on the Merger (the

14   "Special Meeting"). Counsel for the parties met and conferred and, on July 13, 2005, the Court

15   entered an order setting a schedule for expedited discovery and briefing, and set a hearing on a

16   motion for preliminary injunction for August 5, 2005.

17        Between July 1 and July 29, Plaintiffs' counsel reviewed tens of thousands of pages of

18   documents produced by Defendants, filed an *ex parte* motion, and participated in a hearing before

19   the Court seeking to compel production of documents by Chevron; prepared and filed a response

20   to Chevron's Complaint in Intervention; took the depositions of a representative of Morgan

21   Stanley (Unocal's financial advisor), defendant Williamson (Unocal's President, Chief Executive

22   Officer, and Chairman of the Board), and a representative of Lehman Brothers (Chevron's

23   financial advisor); scheduled and prepared for other depositions, conducted significant research

24   concerning the complicated legal issues presented by the case; drafted and filed a consolidated

25   complaint challenging, among other things, the terms of the Merger, the Defendants' alleged

26   failure to maximize shareholder value, and disclosure issues regarding the Proxy Statement;

27   drafted a brief in support of Plaintiffs' motion for preliminary injunction; and engaged in

28   protracted settlement negotiations with counsel for Unocal and Chevron.

MPI-27714v5

4

1    On July 20, 2005, Unocal and Chevron publicly announced the Amendment, which

2    provided for an increase of approximately $500 million in the consideration to be received by

3    Unocal's shareholders in connection with the merger of Chevron.

4    On July 22, 2005, Unocal filed with the SEC a supplement to the Proxy Statement

5    concerning the Merger (the "Supplement"), which was mailed to the Unocal stockholders of

6    record on the record date on or about July 25, 2005. On July 29, 2005, after protracted

7    negotiations and pursuant to the Settlement, Unocal filed with the SEC and disseminated to all

8    Unocal shareholders of record additional disclosures concerning the Merger, including additional

9    information about the valuation of the CNOOC proposal, the Chevron offer, and the Amendment

10   (the "Additional Disclosures"). The content of the Additional Disclosures was responsive to the

11   claims and requests of Co-Lead Counsel for Plaintiffs and, prior to dissemination, was discussed

12   with, and commented upon by, Co-Lead Counsel for Plaintiffs.

13   **II.   CLAIMS OF THE REPRESENTATIVE PLAINTIFFS AND BENEFIT OF**
14   **SETTLEMENT**

15   Plaintiffs claimed in the Action that the alleged conduct of the Unocal Defendants with

16   respect to the Merger constitute a breach of fiduciary duty and that the disclosures in the Proxy

17   Statement and Supplement were deficient. Plaintiffs were seeking injunctive, declaratory, and

18   other relief.

19   Plaintiffs believe that their claims challenging the terms of the Merger Agreement

20   (including price and termination fees) and the disclosures in the Proxy Statement were

21   meritorious. As a result of the Amendment, which increased the value of the Chevron offer to

22   Unocal's shareholders by approximately $500 million, and through the prosecution of the Action

23   and the Defendant's agreement to the make the Additional Disclosures, those claims have been

24   resolved to the substantial benefit of the Unocal shareholders.

25   Co-Lead Counsel for the Plaintiffs recognize and acknowledge the expense and length of

26   continued proceedings necessary to continue prosecution of the Action against Defendants. Co-

27   Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation,

28   especially in a complex action such as the Action, as well as the difficulties and delays inherent in

MPI-27714v5                                      5

1    such litigation. Co-Lead Counsel also are mindful of the inherent problems of proof under and

2    possible defenses to the claims asserted in the Action. Plaintiffs and Co-Lead Counsel were

3    mindful of the benefits of the Amendment which offered additional consideration of

4    approximately $500 million to Unocal shareholders, and of the Additional Disclosures, which

5    they believe assisted the Unocal shareholders to vote their shares on a fully-informed basis at the

6    Special Meeting called to decide upon the Merger by enabling them to understand better the

7    process and valuations that led to the recommendation of the Chevron merger proposal over the

8    CNOOC, Limited proposal. Co-Lead Counsel believe that the pendency of the Action and the

9    Settlement have conferred and are conferring substantial benefits upon the Class by providing for

10   the above-described benefits, along with confirmatory discovery, and monitoring and disclosure if

11   other offers had materialized. Based on their evaluation, including the information received

12   through discovery, Co-Lead Counsel have determined that the Settlement set forth in the

13   Stipulation is in the best interests of the Plaintiffs and the Class.

14   **III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

15           The Defendants have denied and continue to deny each and all of the claims and

16   contentions alleged by the Plaintiffs in the Action. The Defendants expressly have denied and

17   continue to deny all charges of wrongdoing or liability whatsoever in connection with the matters

18   raised in the Action and in connection with the Merger.

19           Nonetheless, the Defendants have concluded that further conduct of the Action would be

20   protracted and expensive, and that it is desirable that the Action be fully and finally settled in the

21   manner and upon the terms and conditions set forth in this Stipulation, in order to limit further

22   expense, inconvenience and distraction to the Defendants and to the Defendants' business. The

23   Defendants have taken into account the uncertainty and risks inherent in any litigation, especially

24   in complex cases like the Action. The Defendants were also mindful of the substantial benefits of

25   the Merger and of the rights of Unocal shareholders to vote their shares on a fully-informed basis

26   at the Special Meeting called to decide upon the Merger. The Defendants have, therefore,

27   determined that it is desirable and beneficial to them and the Class that the Action be settled in

28   the manner and upon the terms and conditions set forth in this Stipulation.

## IV. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A Settlement Hearing will be held on _____, 2005, at _____ .m. before the Honorable Emilie H. Elias, 600 South Commonwealth Avenue, Los Angeles, California 90005 (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (a) whether the Settlement set forth in the Stipulation should be approved as fair, just, reasonable and adequate; (b) whether the Action should be dismissed with prejudice; and (c) whether the Court should approve the agreed amount of attorneys' fees and expenses. The Court may adjourn or continue the Settlement Hearing by oral announcement at such hearing or at any adjournment without further notice of any kind.

## V. DEFINITIONS USED IN THIS NOTICE

"Class" and "Class Members" mean all Persons who held, purchased or sold shares of Unocal common stock during the period from April 4, 2005 to August 10, 2005 (the "Class Period") and their successors in interest and transferees, direct or indirect, immediate or remote, but excluding the Defendants and any members of their immediate families.

"Class Representatives" means Michael Lieb, Paul K. Callan, Jennifer Levin, and Eric Nemetski.

"Co-Lead Counsel" means the law firms of Milberg Weiss Bershad & Schulman, LLP and Robbins Umeda & Fink, LLP.

"Court" means the Superior Court for Los Angeles County, California.

"Defendants" means Unocal, Chevron, and the Individual Defendants.

"Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 of the Stipulation have been met and have occurred.

"Final" means entry of the Judgment and: (i) the date of final affirmance of the Judgment, the expiration of time for a petition for, or a denial of a writ of, certiorari or mandate or petition for review to review the Judgment and, if certiorari or review is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari or mandate or petition for review to review the Judgment; or (iii) if no appeal is filed, the

1  expiration date of the time for the filing or noticing of any appeal from the Judgment; or (iv) in

2  the event that the Court or any appellate court enters a judgment in a form materially different

3  from the Judgment (an "Alternative Judgment") and none of the parties elects to terminate the

4  Settlement, the expiration date of the time for the filing or noticing of any appeal from the

5  Alternative Judgment; provided, however, that no failure to grant, modification or denial of the

6  attorneys' fees and expenses requested by Co-Lead Counsel shall constitute a ground for

7  termination of the Settlement.

8  "Judgment" means the judgment to be rendered by the Court, substantially in the form

9  attached as Exhibit D to the Stipulation.

10  "Person" means an individual, corporation, partnership, limited partnership, association,

11  joint stock company, estate, legal representative, trust, unincorporated association, government or

12  any political subdivision or agency thereof, and any other business or legal entity as well as the

13  spouses, heirs, predecessors, successors, representatives, or assignees thereof.

14  "Plaintiffs" means Michael Lieb, Paul K. Callan, Jennifer Levin, and Eric Nemetski.

15  "Preliminary Approval Order" means the order preliminarily approving the Settlement,

16  setting a date and procedures for a hearing, and directing notice thereof to the Class, which was

17  entered by the Court on _____, 2005.

18  "Publication Notice" means the summary notice of proposed Settlement and hearing for

19  publication substantially in the form attached as Exhibit C to the Stipulation.

20  "Related Parties" means:

21  (a)  with respect to Unocal and Chevron, their respective past or present directors,

22  officers, employees, general or limited partners or partnerships, members, principals,

23  underwriters, controlling shareholders, attorneys, accountants or auditors, insurers, financial

24  advisors, banks or investment bankers, consultants or appraisers (and any consultants or

25  appraisers retained by any of them), legal representatives, predecessors, successors, assigns,

26  parents, subsidiaries, related or affiliated entities (and the directors and officers of such parents,

27  subsidiaries, or related or affiliated entities), divisions, joint ventures, and any entity in which

28  either has a controlling interest;

NOTICE OF SETTLEMENT OF CLASS ACTION

(b)    with respect to the Individual Defendants and Plaintiffs, his or her respective spouse, domestic partner, immediate family members, assigns, heirs, legatees, devisees, executors, administrators, attorneys, insurers, legal representatives, any trust of which such individual is the settlor or a beneficiary, and any entity in which such individual, alone or with other Individual Defendants or Plaintiffs, has a controlling interest.

"Released Claims" shall collectively mean any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, without limitation, claims for damages, injunctive or declaratory relief, attorneys' fees, expert fees, costs and expenses of any nature), whether based on federal, state, local or foreign statutory or common law or any other law, rule or regulation (including, without limitation, all claims arising under California law, Delaware law, or federal securities law), whether fixed, contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, at law or in equity, whether class or individual in nature, including both known claims and Unknown Claims that arise out of, or relate in any way to: (i) the Merger (including, without limitation, any negotiations or discussions preparatory to entry into the Merger Agreement or Amended Merger Agreement and any communications or discussions with any Person after entry into the Merger Agreement or Amended Merger Agreement), the Merger Agreement, the Amendment, the Amended Merger Agreement, the Proxy Statement, the Supplement, the Additional Disclosures, or any other disclosures or statements, or actions taken or not taken by any Defendant relating to the Merger; or (ii) any other proposed or actual sale of control or merger of Unocal and any actions taken or not taken, statements, or disclosures by any Defendant (including, without limitation, any communications or discussions with any Person) related thereto, including, in both (i) and (ii) above, Unknown Claims; provided, however, that Plaintiffs shall have the right to enforce the provisions of this Settlement, and nothing herein shall be deemed to release, waive, or limit the right of Class Members to seek appraisal of their Unocal shares pursuant to Delaware law following the Merger.

The Settlement will constitute a waiver of whatever rights Plaintiffs or the Class Members or any of them or their respective Related Parties may have under § 1542 of the California Civil Code, which provides:

1

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

2

3

4  Plaintiffs and the Class Members, upon entry of the Judgment, shall be deemed to have, and by

5  operation of the Judgment shall have, waived any and all provisions, rights, and benefits

6  conferred by any law or principle of common law of any state or territory of the United States that

7  is similar, comparable or equivalent to § 1542 of the California Civil Code.

8      "Released Defendants' Claims" means any and all claims, rights or causes of action or

9  liabilities whatsoever, whether based on federal, state, local, statutory or common law or any

10  other law, rule or regulation, including both known claims and Unknown Claims, that have been

11  or could have been asserted in the Action, or any forum by the Defendants, or their respective

12  Related Parties against Plaintiffs or any of the Class Members or their attorneys (including

13  Co-Lead Counsel) and that arise out of, or relate in any way to, the institution, prosecution, or

14  settlement of the Action, except claims relating to the enforcement of this Settlement.  The

15  Settlement will constitute a waiver of whatever rights the Defendants or their respective Related

16  Parties may have under § 1542 of the California Civil Code, which provides:

17

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

18

19

20  Defendants and their respective Related Parties, upon entry of the Judgment, shall be deemed to

21  have, and by operation of the Judgment shall have, waived any and all provisions, rights, and

22  benefits conferred by any law or principle of common law of any state or territory of the United

23  States that is similar, comparable or equivalent to § 1542 of the California Civil Code.

24      "Released Person", when used in the context of "Released Claims" means each and all of

25  the Defendants and their Related Parties and, when used in the context of "Released Defendants'

26  Claims," means each and all of the Plaintiffs and their Related Parties.

27      "Settlement" means the agreement to resolve fully and finally the Action on the terms

28  herein set forth.

1  "Settlement Notice" means the notice of the proposed Settlement, motion for attorney's

2  fees and costs, and hearing thereon, to be disseminated to Class Members, substantially in the

3  form attached as Exhibit B to the Stipulation.

4  "Settling Parties" means, collectively, each of the Defendants and the Plaintiffs on behalf

5  of themselves and the Members of the Class.

6  "Unknown Claims" means:

7  (i)  any Released Claims that any Plaintiff or Class Member does not

8  know or suspect to exist in his, her or its favor at the time of the release of

9  the Released Persons and

10  (ii)  any Released Defendants' Claims that any Defendant does not

11  know or suspect to exist in his, her, or its favor at the time of the release of

12  the Released Persons,

13  which, if known by him, her or it, might have affected his, her or its decision not to object to, or

14  enter into, this Settlement.  With respect to any and all Released Claims and Released

15  Defendants' Claims, the Settling Parties stipulate and agree that, upon entry of the Judgment,

16  Plaintiffs and Defendants shall expressly and each of the Class Members shall be deemed to have,

17  and by operation of the Judgment shall have, waived and relinquished, to the fullest extent

18  permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which

19  provides:

20  **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

21

22

23  Plaintiffs, Defendants, and the Class Members, upon entry of the Judgment, shall be deemed to

24  have, and by operation of the Judgment shall have, waived any and all provisions, rights and

25  benefits conferred by any law or principle of common law of any state or territory of the United

26  States that is similar, comparable or equivalent to § 1542 of the California Civil Code.  Plaintiffs,

27  Defendants, and the Class Members may hereafter discover facts in addition to, or different from,

28  those that, he, she or it now knows or believes to be true with respect to the subject matter of the

NOTICE OF SETTLEMENT OF CLASS ACTION

1    Released Claims or the Released Defendants' Claims, but Plaintiffs, Defendants, and each Class

2    Member, upon entry of the Judgment, shall be deemed to have, and by operation of the Judgment

3    shall have, fully, finally, and forever settled and released any and all Released Claims and

4    Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-

5    contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon

6    any theory of law or equity now existing or coming into existence in the future, including, but not

7    limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty,

8    law or rule, without regard to the subsequent discovery or existence of such different or additional

9    facts. The Settling Parties acknowledge that the foregoing waiver was bargained for and is a key

10   element of the Settlement, of which the release of Unknown Claims is a part.

11   **VI.    THE SETTLEMENT**

12          The Action was filed following the announcement of the proposed Merger. In the Action,

13   Plaintiffs claimed that the Unocal Defendants had breached their fiduciary duties in connection

14   with the Merger and that certain disclosures in the Proxy and the Supplement were deficient.

15          Co-Lead Counsel for Plaintiffs reviewed thousands of pages of documents produced by

16   Defendants and non-parties, including CNOOC's financial advisors, and took the depositions of

17   the Chairman and CEO of Unocal and representatives of the financial advisors of Chevron and

18   Unocal. Co-Lead Counsel for Plaintiffs also consulted with a financial advisor on the analyses of

19   the offers by Chevron and CNOOC to Unocal. Co-Lead Counsel and counsel for the Defendants

20   engaged in arms-length negotiations. Those negotiations culminated in the Settlement.

21          Pursuant to the Settlement, on July 29, 2005, Unocal filed with the SEC and disseminated

22   publicly the Additional Disclosures. The subject matter of the Additional Disclosures was agreed

23   upon during the negotiations. The content of the Additional Disclosures was responsive to the

24   claims and requests of Co-Lead Counsel for Plaintiffs and, prior to dissemination, was reviewed

25   and commented upon by Co-Lead Counsel. The Additional Disclosures were disseminated in

26   time to allow Class Members to review them fully prior to the Special Meeting and provided

27   additional information concerning the process and valuations that lead the Unocal Defendants to

28   recommend the Chevron bid over the CNOOC proposal.

1    The Settlement provided that, in the event that, prior to the consummation of the Merger,

2    a third party made a bona fide proposal to merge with, or acquire all of the outstanding common

3    stock of, Unocal, the Unocal Defendants would:

4         (a)    engage with Co-Lead Counsel in periodic disclosures and communications about

5    such proposal;

6         (b)    disclose promptly and publicly, in conformity with the applicable provisions of the

7    Amended Merger Agreement, the material terms of such proposal, sufficiently in advance of the

8    closing of the polls of any special meeting of the Unocal shareholders to consider the Merger to

9    permit adequate time for public dissemination of such disclosure.

10        Defendants have agreed to provide Co-Lead Counsel with reasonable confirmatory

11   discovery prior to the hearing, to consist of the production of documents, to be specified by

12   document, and the depositions or interviews of one of the Individual Defendants and a

13   representative of Unocal's financial advisor, the identities of such persons to be mutually agreed

14   upon by the Settling Parties.

15        Without admitting any wrongdoing or liability whatsoever, the Unocal Defendants have

16   acknowledged that the prosecution of the Action was a factor underlying their decision to make

17   the Additional Disclosures, as well as in their consideration of the various courses of action

18   described in the Proxy Statement and Supplement, including their decision to enter into the

19   Amendment, which included an increase in consideration of approximately $500 million to the

20   Unocal shareholders.

21        The Settling parties agree, for purposes of the Settlement only, to the certification of the

22   Class in the Action.

23   **VII.    DISMISSAL AND RELEASES**

24        If the proposed settlement is approved, the Court will enter a Final Judgment and Order of

25   Dismissal with Prejudice (the "Judgment").  The Judgment will dismiss the Released Claims with

26   prejudice as to all Released Persons, and the Class Members will be barred from asserting any of

27   the Released Claims in the future, unless the Settlement is canceled or terminated pursuant to the

28   terms of the Stipulation.

MPI-27714v5                                    13

1    The Judgment will not affect Class Members' rights to seek appraisal under Delaware

2  law.

3  **VIII.   ATTORNEYS' FEES AND EXPENSES**

4    Subsequent to negotiating the substantive terms of the Settlement, Co-Lead Counsel and

5  Defendants' counsel agreed that, subject to the approval of the Court, the amount of attorneys

6  fees (inclusive of disbursements and fees) will be $4,925,000. Co-Lead Counsel will seek

7  approval from the Court for an award of $4,925,000 in fees and expenses, to which Defendants

8  have agreed and will not oppose. Class Members will not be personally liable for any attorneys'

9  fees or expenses awarded by the Court, nor will any such award affect Class Members' rights

10  under the Settlement. Co-Lead Counsel have agreed that the denial, modification, or failure to

11  grant their application for attorneys' fees and expenses will not constitute a ground for

12  termination of the Settlement.

13    Co-Lead Counsel have not received any payment for their services in conducting the

14  Action on behalf of the Plaintiffs and the Class, nor have Co-Lead Counsel been reimbursed for

15  their expenses. The Fee and Expense Amount, if awarded, will compensate Co-Lead Counsel for

16  (i) their prosecution of the Action, which, without admitting any wrongdoing, the Unocal

17  Defendants have acknowledged was a factor underlying their decision to make the Additional

18  Disclosures as well as in their consideration of the various courses of action described in the

19  Proxy Statement and Supplement, including their entering into the Amendment, which included

20  an increase in consideration to the Unocal shareholders; and (ii) the Settlement, which has

21  resulted in substantial benefits to the Class, including the Additional Disclosures, the monitoring

22  arrangement in the event of additional offers had been made to Unocal, and the confirmatory

23  discovery. Co-Lead Counsel and Defendants reached agreement on Co-Lead Counsel's fees and

24  expenses application subsequent to their agreement on the substantive terms of the Settlement.

25  **IX.   CONDITIONS FOR SETTLEMENT**

26    The Settlement is conditioned upon the occurrence of certain events. Those events

27  include, among other things (1) dismissal of the Action with prejudice; (2) entry of the Judgment

28  by the Court, as provided for in the Stipulation; and (3) affirmation of the Judgment by the highest

MPI-27714v5

14

1   appellate court to review it or expiration of the time for all appellate review of the Judgment. If,

2   for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation

3   might be terminated and, if terminated, will become null and void, and the parties to the

4   Stipulation will be restored to their respective positions prior to the execution of the Stipulation.

5   **X.     THE RIGHT TO BE HEARD AT THE HEARING**

6         Any Class Member may, but is not required to, enter an appearance in the litigation and be

7   represented by counsel of his, her or its choice and expense. Any Settlement Class Member who

8   does not enter an appearance will be represented by Co-Lead Counsel. Any Settlement Class

9   Member who objects to any aspect of the Settlement, may appear and be heard at the Settlement

10   Hearing. Any such Person must submit a written notice of objection, mailed or hand delivered

11   such that it is received on or before _____, 2005, by each of the following:

12

> Clerk of the Court
> Los Angeles County Superior Court
> 600 Commonwealth Avenue
> Los Angeles, California 90005

13

14

15

> Jeff S. Westerman
> Milberg Weiss Bershad & Schulman LLP
> 355 South Grand Avenue, Suite 4170
> Los Angeles, California 90071

16

17

18

> and

19

> Jeffrey P. Fink
> Robbins Umeda & Fink, LLP
> 610 West Ash Street, Suite 1800
> San Diego, California 92101
> Telephone:   (619) 525-3990
> Facsimile:   (619) 525-3991

20

21

22

> Co-Lead Counsel for Plaintiffs

23

24

25

> Paul K. Rowe
> Wachtell, Lipton, Rosen & Katz
> 51 West 52nd Street
> New York, New York 10019

26

27

> and

28

Craig Varnen
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067-4276

Attorneys for Unocal Defendants


Philip E. Cook
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, California  90071
Telephone:     (213) 489-3939

and

John W. Edwards II
Jones Day
2882 Sand Hill Road, Suite 240
Menlo Park, California  94025
Telephone:     (650) 739-3939

Attorneys for Chevron Corporation


The notice of objection must demonstrate the objecting Person's membership in the Class, and contain a statement of the reasons for objection.  Only Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XI.   NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS

Nominees who held the common stock of Unocal during the Class Period for the beneficial ownership of another shall mail the Notice to all such beneficial owners of such stock within 10 days after receipt thereof, or send a list of the names and addresses of such beneficial owners to Unocal at the address identified below within 10 days of receipt thereof, in which event Unocal shall promptly mail the Notice to such beneficial owners.  Additional copies of this Notice for transmittal to beneficial owners are available on request directed to Unocal Corporation, Unocal Shareholder Services, 2141 Rosecrans Avenue, Suite 4000, El Segundo, California 90245, ((800) 252-2233).

## XII. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all the details of the Stipulation. For full details of the matters discussed in this Notice, you may desire to review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Los Angeles County Superior Court, 600 South Commonwealth Avenue, Los Angeles, California 90005.

## XIII. INTERIM INJUNCTION

Unless and until the Settlement is canceled and terminated pursuant to the Stipulation, pending final determination of whether the Stipulation should be approved, Plaintiffs and the Class, or any of them, are barred and enjoined from commencing or prosecuting any action asserting any claims, either directly, indirectly, representatively, derivatively or in any other capacity, against any defendant herein or any of the Released Persons that are, or relate in any way to, the Released Claims.

For further information regarding this settlement you may contact: Jeff Westerman, Esq., Milberg Weiss Bershad & Schulman LLP, 335 South Grand Avenue, Suite 4170, Los Angeles, California 90071 ((213) 617-1200) or Jeffrey P. Fink, Esq., Robbins Umeda & Fink, LLP, 610 West Ash Street – Suite 1800, San Diego, California 92101 ((619) 525-3990).

DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

DATED: _____     BY ORDER OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

# Exhibit C

1   Jeff S. Westerman (State Bar No. 94559)
    Kristen McCullough (State Bar No. 177558)
2   MILBERG WEISS BERSHAD &
    SCHULMAN LLP
3   355 South Grand Avenue, Suite 4170
    Los Angeles, California  90071
4   Telephone:     (213) 617-1200
    Facsimile:     (213) 617-1975
5
    Jeffrey P. Fink (State Bar No. 199291)
6   S. Benjamin Rozwood (State Bar No. 181474)
    Steven R. Wedeking (State Bar No. 235759)
7   ROBBINS UMEDA & FINK, LLP
    610 West Ash Street, Suite 1800
8   San Diego, California  92101
    Telephone:     (619) 525-3990
9   Facsimile:     (619) 525-3991

10  Co-Lead Counsel for Plaintiffs

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF LOS ANGELES

13  MICHAEL LIEB, PAUL K. CALLAN,          **CASE NO. BC331316**
    JENNIFER LEVIN, and ERIC NEMETSKI,     **Consolidated with Case No. BC331925**
14  on behalf of themselves and all others
    similarly situated                     **Assigned to Honorable Emilie H. Elias**
15
                  Plaintiffs,              **PUBLICATION NOTICE**
16
17       v.

18  UNOCAL CORP., CRAIG ARNOLD,
    JOHN W. CREIGHTON, JR., JAMES W.
19  CROWNOVER, FERRELL P. MCCLEAN,
    RICHARD D. MCCORMICK, DONALD B.
20  RICE, KEVIN W. SHARER, MARK A.
    SUWYN, MARINA V.N. WHITMAN,
21  CHARLES RE. WILLIAMSON, AND
    DOES 1-25, INCLUSIVE,

22                Defendants,

23  and

24  CHEVRON CORPORATION,

25                Defendant in Intervention.

26
27
28

MPI-27760v4                          1

1                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                        COUNTY OF LOS ANGELES

3

4 MICHAEL LIEB, PAUL K. CALLAN, JENNIFER
LEVIN, and ERIC NEMETSKI, on behalf of

5 themselves and all others similarly situated,

6                Plaintiffs,

7       v.

8 UNOCAL CORP., CRAIG ARNOLD, JOHN W. CREIGHTON, JR.,
JAMES W. CROWNOVER, FERRELL P. MCCLEAN,

9 RICHARD D. MCCORMICK, DONALD B. RICE,
KEVIN W. SHARER, MARK A. SUWYN, MARINA V.N. WHITMAN,

10 CHARLES RE. WILLIAMSON, AND DOES 1-25, INCLUSIVE,

11                Defendants,

12 and

13 CHEVRON CORPORATION, Defendant in Intervention

14

15   **SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTIONS,**

16    **MOTION FOR ATTORNEYS' FEES, AND SETTLEMENT HEARING**

17 TO:   ALL PERSONS OR ENTITIES WHO PURCHASED, SOLD OR HELD COMMON

18 STOCK IN UNOCAL CORP. DURING THE PERIOD OF APRIL 4, 2005 TO AUGUST 10,

19 2005, INCLUDING THEIR SUCCESSORS IN INTEREST AND TRANSFEREES:

20       YOU ARE HEREBY NOTIFIED that a settlement has been proposed in the above-

21 captioned class action.  A hearing will be held before the Honorable Emilie H. Elias in the

22 Superior Court of Los Angeles, Central Civil West Courthouse located at 600 South

23 Commonwealth Avenue, Los Angeles, California at \_\_:\_\_ on _____, 2005 to determine

24 whether the proposed settlement should be approved by the court as fair, reasonable, and

25 adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and

26 reimbursement of expenses.

27       IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE,

28 YOUR RIGHTS WILL BE AFFECTED.  If you have not yet received the full printed Notice of

MPI-27760v4

2

PUBLICATION NOTICE

1   Proposed Settlement of Class Actions, Motion for Attorneys' Fees, and Settlement Fairness

2   Hearing, you may obtain copies of these documents by contacting:

3            Unocal Corporation
            Unocal Stockholder Services
4            2141 Rosecrans Avenue, Suite 4000
            El Segundo, California  90245
5            (800) 252-2233

6        Inquiries, other than requests for the forms of Settlement Notice and Proof of Claim, may

7   be made to Plaintiffs' Co-Lead Counsel:

8            Jeff S. Westerman, Esq.
            Milberg Weiss Bershad Hynes & Lerach LLP
9            355 South Grand Avenue, Suite 4170
            Los Angeles, California 90071
10            (213) 617-1200

11            Jeffrey P. Fink, Esq.
            Robbins, Umeda & Fink, LLP
12            610 West Ash Street – Suite 1800
            San Diego, California  92101
13            (619) 525-3990

14        Settlement Class Members will be bound by the Final Judgment of the Court.  If you are a

15   Settlement Class Member you will be bound by the Final Judgment of the Court.  Objections to

16   the Settlement or the application for attorneys' fees must be filed in writing and served upon

17   counsel for the parties no later than _____, 2005.

18        Further information may be obtained by directing your inquiry in writing to Unocal

19   Corporation at the above address.

20

21

22

23

24

25

26

27

28

# Exhibit D

1   Jeff S. Westerman (State Bar No. 94559)
    Kristen McCullough (State Bar No. 177558)
2   MILBERG WEISS BERSHAD &
    SCHULMAN LLP
3   355 South Grand Avenue, Suite 4170
    Los Angeles, California  90071
4   Telephone:    (213) 617-1200
    Facsimile:    (213) 617-1975
5
    Jeffrey P. Fink (State Bar No. 199291)
6   S. Benjamin Rozwood (State Bar No. 181474)
    Steven R. Wedeking (State Bar No. 235759)
7   ROBBINS UMEDA & FINK, LLP
    610 West Ash Street, Suite 1800
8   San Diego, California  92101
    Telephone:    (619) 525-3990
9   Facsimile:    (619) 525-3991

10  Co-Lead Counsel for Plaintiffs

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                       COUNTY OF LOS ANGELES

14  MICHAEL LIEB, PAUL K. CALLAN,          **CASE NO. BC331316**
    JENNIFER LEVIN, and ERIC               **Consolidated with Case No. BC331925**
15  NEMETSKI, on behalf of themselves and
    all others similarly situated          **Assigned to Honorable Emilie H. Elias**
16
                Plaintiffs,                 **[PROPOSED] FINAL JUDGMENT AND**
17                                          **ORDER OF DISMISSAL WITH**
          v.                                **PREJUDICE**
18
    UNOCAL CORP., CRAIG ARNOLD,
19  JOHN W. CREIGHTON, JR., JAMES W.
    CROWNOVER, FERRELL P.
20  MCCLEAN, RICHARD D.
    MCCORMICK, DONALD B. RICE,
21  KEVIN W. SHARER, MARK A.
    SUWYN, MARINA V.N. WHITMAN,
22  CHARLES RE. WILLIAMSON, AND
    DOES 1-25, INCLUSIVE,
23
                Defendants,
24
    and
25
    CHEVRON CORPORATION,
26
                Defendant in Intervention.
27

28

MPI-27656v4                                        1

1    This matter came before the Court for hearing pursuant to the Order of this Court, dated

2    _____, on the application of the Settling Parties for approval of the Settlement set

3    forth in the Stipulation of Settlement dated as of August __, 2005 (the "Stipulation"). Due and

4    adequate notice having been given to the Settlement Class as required in said Order and the Court

5    having considered all papers filed and proceedings had herein and otherwise being fully informed

6    in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED

7    AND DECREED that:

8        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

9    terms used herein shall have the same meanings as set forth in the Stipulation.

10        2.    This Court has jurisdiction over the subject matter of the Action and over all

11    Members of the Class.

12        3.    The Court hereby certifies, for the purposes of effectuating the Settlement only, a

13    Class of Plaintiffs and all other Persons who purchased, sold or held the common stock of Unocal

14    during the period from April 4, 2005 to August 10, 2005 (the "Class Period"), and their

15    successors in interest and transferees, direct or indirect, immediate or remote, but excluding the

16    Defendants and any members of their immediate families.

17        4.    With respect to the Class, this Court finds and concludes that: (a) the members of

18    the class are so numerous that joinder of all Class Members in the Action is impracticable; (b)

19    there are questions of law and fact common to the Class that predominate over any individual

20    questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; (d) the Plaintiffs

21    and their Co-Lead Counsel have fairly and adequately represented and protected the interest of all

22    the Class Members; (e) the prosecution of separate actions by Class Members would create a risk

23    of inconsistent or varying adjudications with respect to individual Class Members, which would

24    establish incompatible standards of conduct for the Defendants; and (f) the Defendants have acted

25    on grounds generally applicable to all Members of the Class, thereby making appropriate final

26    injunction or declarative relief.

27        5.    This Court hereby approves the Settlement set forth in the Stipulation and finds

28    that said Settlement is, in all respects, fair, just, reasonable, and adequate to the Class Members.

6. The Court hereby dismisses these consolidated actions against all Defendants and the Defendant in Intervention with prejudice and without fees, expenses, and costs (except as otherwise provided in the Stipulation).

7. The Court finds that the Stipulation and Settlement are fair, just, reasonable, and adequate as to each of the Settling Parties, and the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Upon entry of this Judgment, each of the Plaintiffs shall have, and each of the Class Members shall be deemed to have, and, by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, including Unknown Claims against the Released Persons.

9. Plaintiffs and all Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10. Upon the entry of this Judgment, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Defendants' Claims, including Unknown Claims, against the Released Persons.

11. Upon entry of this Judgment, Plaintiffs, Defendants, the Class Members, and their respective Related Parties shall be deemed to have, and pursuant to the Judgment shall have, waived and relinquished to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code and the rights and benefits conferred by any law or principle of common law of any state or territory of the United States that is similar, comparable, or equivalent to § 1542 of the California Civil Code. Section 1542 of the California Civil Code provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

12. The Notice of Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Class

1  Members who could be identified through reasonable effort and publication of notice in a

2  newspaper of national circulation, said notice provided the best notice practicable under the

3  circumstances of those proceedings and of the matters set forth therein, including the proposed

4  Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully

5  satisfied the requirements of California law and the requirements of due process.

6      13.    Pursuant to the terms of the Stipulation, Defendant Unocal or its successor is

7  ordered to pay the sum of $_____ as attorneys' fees and expenses to Co-Lead Counsel

8  in accordance with, and subject to the terms and conditions of the Stipulation.

9      14.    Neither the Stipulation nor the Settlement contained therein, nor any act performed

10  or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or

11  may be deemed to be or may be used as an admission of, or evidence of, the validity or lack

12  thereof of any Released Claim, or of any wrongdoing or liability of the Defendants or the

13  Defendant in Intervention; or (b) is or may be deemed to be or may be used as an admission of, or

14  evidence of, any fault or omission of any of the Defendants in any civil, criminal, or

15  administrative proceeding in any court, administrative agency or other tribunal, other than in such

16  proceedings as may be necessary to consummate or enforce the Stipulation or the Settlement

17  provided therein, or this Judgment, except that Defendants may file the Stipulation and/or this

18  Judgment in any action that has been brought or may be brought against them in order to support

19  a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

20  faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense

21  counterclaim.

22      15.    These consolidated actions were filed and maintained in good faith and in

23  accordance with the applicable California Rules of Court, and the rules of professional

24  responsibility.  In the course of these proceedings, all parties and their counsel complied with

25  Section 128.5 of the California Code of Civil Procedure.

26      16.    Without affecting the finality of this Judgment in any way, this Court hereby

27  retains continuing jurisdiction over (a) implementation of this Settlement; and (b) all parties

28  hereto for the purpose of construing, enforcing, and administering the Stipulation.

17.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: _____

THE HONORABLE EMILIE H. ELIAS
JUDGE OF THE SUPERIOR COURT

Submitted by:

MILBERG WEISS BERSHAD & SCHULMAN LLP

JEFF S. WESTERMAN (State Bar No. 94559)
KRISTEN MCCULLOUCH (State Bar No. 177558)

_____

355 South Grand Avenue, Suite 4170
Los Angeles, California  90071
Telephone:    (213) 617- 2100

Co-Lead Counsel for Plaintiffs

ROBBINS UMEDA & FINK LLP

JEFFREY P. FINK (STATE BAR NO. 199291)
S. BENJAMIN ROZWOOD (State Bar No. 181447)
STEVEN R. WEDEKING (State Bar No., 235759)

_____

610 West Ash Street, Suite 1800
San Diego, California  92101
Telephone:    (619) 525-3990

Co-Lead Counsel for Plaintiffs

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE